UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGIL SMITH, *Pro Se,* | ) | Case No.: 1:20 CV 1785 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| S. WARE, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants | ) | |

*Pro Se* Plaintiff Virgil Smith, an inmate, filed this action against Grafton Correctional Institution Institutional Inspector S. Ware, and Ohio Department of Rehabilitation and Correction Chief Inspector R. Wilson.  In the Complaint, Plaintiff asserts that Ware retaliated against him for filing a grievance against her for delaying her response to a prior grievance he filed.  He asserts Wilson subjected him to cruel and unusual punishment.  He also contends Wilson was negligent. He asks this Court to Order Defendants to rule favorably on his grievances and to award him punitive damages.

**Background**

In June 2020, Petitioner reported to the Grafton Correctional Institution Health Department complaining of pain in his back and hip due to previously diagnosed arthritis and sciatica.  Nurse Practitioner Cottrell recommended that Plaintiff take Ibuprofen as needed.  Plaintiff informed her that he already was taking that medication up to twelve times a day for pain.  Cottrell advised him against taking such large doses and informed him of potential long-term side effects from doing so.

Plaintiff requested a cortisone shot, but Cottrell denied the request. Plaintiff filed an informal complaint with the Nurse Manager on June 30, 2020. The Nurse Manager reviewed Plaintiff's case with the prison physician who supported Cottrell's treatment plan. The Nurse Manager denied the informal complaint on July 6, 2020.

Plaintiff claims he filed a formal grievance with Institutional Inspector Ware on the same day he received the Nurse Manager's response. On July 17, 2020, Ware sought an additional fourteen days to investigate and respond to the grievance. Six days later, on July 23, 2020, Plaintiff filed a grievance against Ware to ODRC Chief Inspector Wilson, claiming Ware was unreasonably delaying her response to his grievance. Wilson denied the grievance the following day, July 24, 2020, saying Ware had not violated a law or an ODRC policy. That same day, Plaintiff received notice from Ware that an additional fourteen days would be needed to investigate his grievance. Plaintiff filed a second grievance against Ware with Wilson this time claiming Ware had retaliated against him for filing his first grievance. Wilson also denied this grievance stating that Ware had not violated any law or ODRC policy. Plaintiff filed another grievance with Wilson on July 27, 2020, maintaining that Wilson could use her authority to expedite the grievance process for his medical claim and stating that Wilson was being deliberately indifferent to his medical needs. Wilson denied the grievance on August 3, 2020.

Plaintiff then filed this action against Ware and Wilson. He first claims Ware retaliated against him for filing a grievance by adding another extension of time to his grievance against Cottrell. He claims Wilson was deliberately indifferent to his medical needs and to his First Amendment right to be free from retaliation when she did not order Ware to address his grievance.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to

3

draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678.  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but

it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*.  This determination

is a "context-specific task that requires the reviewing Court to draw on its judicial experience and

common sense." *Id*.

## Analysis

Plaintiff brings claims of deliberate indifference against ODRC Chief Inspector Wilson for

her denials of his grievances against Ware.  As an initial matter, the mere denial of a prisoner's

grievance does not rise to the level of a constitutional violation.  *See Shehee v. Luttrell*, 199 F.3d

295, 300 (6th Cir.1999)(stating that denial of the grievance is not the same as the denial of a request

to receive medical care).  His claims against Wilson are based solely on her responses to his

grievances, and fail to state a claim upon which relief may be granted.

Plaintiff also claims that Ware retaliated against him for filing a grievance against her.

Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory

actions may tend to chill an individual's exercise of First Amendment rights. *Perry v. Sindermann*,

408 U.S. 593, 597 (1972). To state a prima facie case for retaliation prohibited by the First

Amendment, Plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was

taken against him that would deter a person of ordinary firmness from continuing to engage in that

conduct; and 3) that a causal connection exists between the first two elements.  *Thaddeus-X v.

Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff fails to allege facts suggesting Ware retaliated against him.  Although filing a

grievance against prison officials is conduct protected by the First Amendment,  *Hill v. Lappin*, 630

4

F.3d 468, 472 (6th Cir. 2010), filing a frivolous grievance is not. *Hill*, 630 F.3d at 472. Plaintiff filed his grievance against Ware just six days after she requested her first fourteen-day extension to review his grievance against Cottrell. He did not even allow her the full period of the extension before he filed his grievance. Ware did not violate any constitutional law or ODRC policy by seeking an extension. This alone makes his grievance against Ware frivolous.

Furthermore, Plaintiff has not demonstrated a causal connection between his grievance against Ware and her second extension of time to answer his grievance against Cottrell. For Plaintiff's retaliation claim to survive dismissal, he must allege facts that reasonably suggest Ware's subjective motivation for the second extension was at least in part to retaliate against him for engaging in protected conduct. *Thaddeus–X*, 175 F.3d at 399. The Court already determined Plaintiff was not engaged in protected conduct; however, even if his grievance was not frivolous, he has not demonstrated that she was even aware that the grievance had been filed when she issued the second extension. The events Plaintiff described happened in a very short time frame. Plaintiff sent a grievance to the Chief Inspector, and Ware's extension of time was received by Plaintiff all within the allotted time of a business day. There are no facts in the complaint to suggest that Ware sent the notice in retaliation for the grievance as opposed to sending it because she required additional time to reply. To state a claim, Plaintiff's factual allegations must be enough to raise a right to relief above the speculative level to suggest a constitutional violation of his rights plausibly, not just possibly, occurred. *Twombly*, 550 U.S. at 555. Plaintiff's allegations of retaliatory motivation do not rise above the speculative level.

Finally, Plaintiff asserts state law claims of negligence against Wilson. State employees are immune from civil liability under Ohio law for injuries caused in the performance of the employee's

5

duties "unless the ... employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless ... the ... employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code § 9.86.  However, the Ohio Court of Claims that has the "exclusive, original jurisdiction to determine, initially, whether the ... employee is entitled to personal immunity under section 9.86 ...." Ohio Rev. Code § 2743.02(F). Federal courts, including this Court, therefore cannot exercise supplemental jurisdiction over state law claims against a state employee in his or her individual capacity until the Ohio Court of Claims determines that the employee is not entitled to immunity under Ohio Revised Code § 9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Accordingly, unless and until the Ohio Court of Claims decides that Wilson may not invoke immunity from civil liability conferred by Ohio Revised Code § 9.86, this Court has no jurisdiction to consider the state law claims asserted against him.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

December 29, 2020

6